### GALLAGHER v. MINTURN.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

BUILDING CONTRACT—PERFORMANCE.

A provision in a building contract, rendering the certificate of the architect that the work has been completed a condition precedent to the contractor's right to recover his final payments, but not making such certificate binding on the parties, does not preclude the owner, who has agreed to make payment in consideration of strict performance by the contractor, from showing that the contract had not, in fact, been complied with.

Appeal from special term.

Action by Patrick Gallagher against Susanna S. Minturn. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Austen G. Fox, for appellant.

George S. Hastings, for respondent.

INGRAHAM, J.    The action was brought for the balance claimed to be due upon a contract for building a house in the city of New York, and for extra work performed by the plaintiff, who was the contractor. The contract provided that the defendant—

"Will, in consideration of the covenants and agreements being strictly performed and kept by the said party of the second part, as specified, well and truly pay, or cause to be paid, unto the said party of the second part, his executors, administrators, or assigns, the sum of fourteen thousand seven hundred and ninety dollars, lawful money of the United States of America, in the manner following: In monthly payments of 85% of the amount of 'work done during each month, the final payment to be made upon the completion and acceptance of the work by the architects, and the return to them of all drawings issued during the construction of the building, provided that in each of the said cases a certificate shall be obtained from and signed by the said architects."

By the fifth clause of the contract it was provided that:

"Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by architects, and their decision shall be final and conclusive; but should any dispute arise respecting the true value of the extra work, or of the works omitted, the same shall be valued by two competent persons,—one employed by the owner, and the other by the contractor,—and those two shall have power to name an umpire, whose decision shall be binding on all parties."

There is no clause in this contract making the architects the arbitrators as between the parties as to the completion of the contract or the value of the extra work, or that the decision of the architects shall be binding upon the parties, except so far as the contract provides that the amount to be paid to the plaintiff should not be payable until a certificate had been obtained from and signed by the architect.    Upon the trial, evidence was given by the plaintiff tending to show that he had completed the contract, although it was admitted by him that, in building one of the chimneys, two flues had been allowed to run together; so that, instead of being an independent flue for each fireplace, for two fireplaces there was but one flue.    There was also testimony given by the defendant which tended to show that a certain part of the work had not been finished as required by the contract and specifications; but, upon the objection of the plaintiff, this was subsequently stricken from the case.    When the work was about completed, although it seems to be conceded that the contract had not been complied with in some small details, the architects executed and delivered to the plaintiff the following instrument:

"New York, Nov. 30th, 1896.

"This is to certify that Mr. P. Gallagher is entitled to the sum of three thousand and seventy-five $60/100$ ($3,075 $60/100$), having supplied materials and done work amounting, in our judgment, to that sum, over and above amounts of previous payments, and being the balance in full.    Given according to contract for mason & carpenter work, at No. 118 East 22nd street, New York, for Mrs. S. S. Minturn.    $3,075.60 balance of contract.

"Hoppin & Koen, Architects."

From the evidence of the architects, called by the plaintiff, it appeared that this certificate was given before all of the work was fin-

ished, because, as the architects understood, Mrs. Minturn expected to sail for Europe, and would want to have this information as to the amount due from her before she sailed; but, at the time this certificate was given, the architects did not know of this defect in the flue, or of the other defects of which testimony was offered by the defendant. The court held that this certificate of the architects was binding upon the defendant, and that, under the contract, such certificate was con- clusive upon the parties as to the final payment, in the absence of proof of corruption, bad faith, or misconduct, or palpable mistake appear- ing on the face of the certificate, and that neither party, in default of proof of such facts, can be allowed to show that the architects decided wrongfully as to the law or facts. The evidence which was offered by the defendant, and which was rejected by the court, tended to show that the cost of remedying this work improperly done by the plaintiff would be $970.50; but the court, upon the ground before stated, held that the certificate given by the architects was final and conclusive upon the defendant. The contract evidently contemplated a certificate by the architects as a condition precedent for any liability of the de- fendant to pay to the plaintiff the amount specified in the contract. She, however, expressly agreed that, in consideration of the covenants and agreements being strictly performed and kept by the plaintiff, she would pay to him the amount named in the contract, the final payment to be made upon the completion and acceptance of the work by the architects, provided that a certificate should be obtained from and signed by said architects. The certificate which has been held to be final and conclusive upon the defendant does not in express terms certify that the contract has been complied with, or that the architects had accepted the work. It does certify that the plaintiff is entitled to the sum of $3,075.60, being the balance in full, and that it was given according to the contract mentioned. The certificate, therefore, is not in exact compliance with the contract. The evidence is that, at the time the certificate was given, the plaintiff had not entirely com- pleted all the work that he was required to do in finishing the building. Assuming, however, that the certificate was sufficient as to the com- pletion of the work and acceptance by the architects, we think that nothing in the contract prevented the defendant from showing that the plaintiff had failed to complete the work in some particulars accord- ing to contract, or that the certificate was in fact false, so as to pre- clude the defendant from demanding as a set-off the amount of dam- ages sustained by reason of a failure on the part of the plaintiff to per- form his contract.

There is a class of cases in which it has been held that where the parties to a contract of this character have agreed that the question as to the completion of the contract shall be referred to a person desig- nated, and that his decision upon the question of the completion of the contract shall be binding upon both parties, the court will enforce such an agreement, and that the certificate or decision of the arbitrator so selected is not subject to attack. The latest case cited to us upon this point is that of Smith v. Mayor, etc., 12 App. Div. 393, 42 N. Y. Supp. 522. By the contract under consideration in that case it was provided that:

"The action of the engineer, by which the contractor was to be bound and concluded, according to the terms of the contract, should be evidenced by a final certificate, which final certificate might be made without notice to the contractor of it, or of the measurements upon which the same was based."

It was held that:

"From the terms of the contract, the engineer's return and certificate, unless they can be successfully attacked, furnish conclusive evidence of the measurements, in accordance with which the plaintiffs would be entitled to payment."

But in this case there was no such provision. The parties did not agree that they would be bound by the decision of the architects as to the final completion of the building. The certificate of the architects was a condition precedent to the right of the plaintiff to recover the final payment to be made under the contract; but nowhere does it appear that the defendant had stipulated that a certificate of the architects that the amount was due from her was to be final and conclusive upon her as to a performance by the contractor of the contract in all particulars. The consideration upon which she agreed to pay the sum specified was the strict performance by the plaintiff of the covenants and agreements contained in the contract. Upon such performance of the covenants and agreements contained in the contract, and an acceptance of the work by the architects, evidenced by a certificate of the architects, she covenanted to pay the contract price; but nothing in this contract would justify a finding that either party understood that he was absolutely bound by such a certificate, so as to be precluded from showing that the contract had not been complied with.

It is well settled, on the one hand, that a refusal by the architect to give such a certificate, not based upon a good and substantial reason, excuses the performance of the condition; and, on the other hand, it must be clear that the certificate of an architect given when, in fact, the building has not been completed, or when, in fact, there has not been a substantial compliance by the contractor with the contract, would not bar the defendant from showing such failure of the contractor to complete the contract; and from recovering the damages sustained by reason of the breach by the contractor of the agreement on his part. The contractor in this case admits that in one particular he failed to comply with the contract. No clear explanation is made by him of this failure, and it is not seriously disputed but that the fact that two fireplaces were connected with one flue was a failure to comply with the plans and specifications. There are also particulars in which the work done was not such as was called for by the contract. The condition of the stairs and doors, and other woodwork was evidently not such as was called for by the contract; and I think it quite clear that the defendant was entitled to have her evidence considered and passed upon by the court, and was entitled to be allowed a reasonable sum for the failure by the plaintiff to complete his contract.

I think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.